WILLIAM W. LAKE *v.* ADDISON BRANNIN ET AL.

[44 South., ·65.]

MECHANIC'S LIEN, *Materialmen. Code* 1906, §§ 3058, 3074. *Nothing due mechanic. Accounting.*

> An owner who employed a mechanic to furnish materials and improve a house for him is not, nor is the house, liable in a suit by third parties, materialmen, to enforce the lien given by Code 1906, § 3058, unless he be indebted to the mechanic on the contract price when notified, as provided by Code 1906, § 3074, of plaintiff's claim; and he is to be credited with any sum paid or agreed to be paid by him to others, before such notice, for materials used in the building.

FROM the circuit court of Monroe county.

HON. EUGENE O. SYKES, Judge.

Brannin, appellee, was plaintiff in the court below; Lake, appellant, was defendant there. From a judgment in favor of defendant the plaintiff appealed to the supreme court.

Lake, the appellant, entered into a contract with Wheelis & McCulla, a firm of carpenters, to make certain improvements on his residence for a stipulated price, they to furnish all labor and material necessary. Two parties from whom the carpenters obtained materials, to-wit, Rye and the McMillan-Paine Hardware Company, would not sell to them, but sold to appellant, and he obligated himself to pay these parties for any materials furnished the carpenters by them. In the meantime, Wheelis .& McCulla had bought materials from other dealers, the appellees here. Afterwards, before the completion of the work, Wheelis & McCulla abandoned the contract. Thereafter the appellees served notice upon the owner that they had furnished material to the carpenters and had not been paid for same, and began suit in the court of a justice of the peace, seeking to enforce a materialman's lien. The

90 Miss.—47

owner answered, denying that he owed anything to the carpenters at the time of the service of the notice, but admitted that he had a balance in his hands, which, if applied to the payment of the indebtedness due Rye, would leave him owing nothing whatever to the carpenters, and which amount he paid into court and sought to have the parties contest for the same. Rye refused to contest, and entered suit, and obtained judgment for the balance still due him. The same course was taken by the McMillan-Paine Hardware Company. Both judgments were satisfied. The case of Brannin and others, after the judgments above mentioned had been rendered and satisfied, went to trial, and they each recovered a judgment for the full amount demanded by them respectively. On the trial *de novo* in the circuit court both sides asked a peremptory instructions. The court granted plaintiff's request, refusing defendants.

*Leftwich & Tubb,* for appellant.

The proof shows that there was no contractual obligation or relation between appellees nor any of them and the appellant. The materials which these materialmen sold to the carpenters, Wheelis & McCulla, were sold solely on the faith and credit of the carpenters and without one word or syllable on the part of Lake, the owner, to pay for them. These materialmen simply sold their goods to a firm of insolvents, they took the chances and they lost. They do not pretend, any of them, to show or claim that Lake, the owner, had ever directly or impliedly contracted to pay for any of these materials. They seek now through this proceeding to establish a lien under the Code.

It will be observed that materialmen and subcontractors or employes, under the statute, can only bind by the written notice to the owner such sums as may be in his hands and due the contractor at the time of the service of the notice; at the time of the service of the notice the owner shall have paid the contractor already the sum which he agreed under

his contract to pay him for the work, or if the payments made to the contractors and the debts assumed by the owner to others for the contract or to enable him to get materials and labor for the work aggregate the amount which he agreed to pay for the work, then in either case the notice cannot bind the owner to pay, if he has no funds in his hands at that time due the contractor. The statute never contemplated that the owner of the property when he makes a contract to erect a building or alter or repair a building or structure on his premises can ever be bound to any one, either the contractor or to laborers or materialmen for any sum over and above the amount he agreed and contracted to pay to the contractors for the work. It will be observed that in this case Lake, the owner, agreed by his written contract to pay the contractors $1,325 for the repairing and alteration of his residence. He can never be called upon by materialmen, subcontractors, laborers or employes to pay more than this sum to secure the performance of this work unless the parties who seek to enforce the payment can show contractual obligation with them upon his part upon which to base the action. In this case it will be observed that at the time the first notice was given by Brannin on May 4, 1906, Lake, the owner, had paid to the contractors the sum of $1,133.70. This money was paid to them, some of it in cash and some of it paid to others for labor and materials that went into the work. At that time, Lake had also agreed to pay Rye for all lumber and materials which he should furnish to the contractors to enable them to perform their contract. The contract with Rye was made two or three days after the original contract.

The owner certainly had a right to pay a debt that by his contractual obligation he had fastened on himself for materials furnished the contractors during the time the work was in progress, and it makes no difference whether the money actually passes out of the hands of the owner before the notice was served under the statute or after it was served. If

he had in good faith assumed these obligations and had made himself liable for their payment, it is certainly his duty to pay them and it matters not whether they are paid before or after the notice is served. The very moment the owner assumes these obligations and makes himself legally bound for their payment, then that very moment the amount due by him to the contractors is diminished to the extent of the debts assumed. If this is not true, then no owner is ever safe in making a contract and thereafter paying to the contractor anything or to anybody for him for labor and materials during the progress of the work and until after the time limited in which subcontractors, materialmen and laborers may establish a lien. The following authorities sustain this doctrine: *Rosenbaum* v. *Carlisle,* 78 Miss., 882, s.c., 29 South., 517; *Academy* v. *Port Gibson,* 80 Miss., 517, s.c., 32 South., 116, 484; *Smith* v. *Gardner Hdw. Co.,* 83 Miss., 654; s.c., 36 South., 9; *St. Louis National Stock Yards* v. *O'Reilly,* 85 Ill., 546. See note to *French* v. *Bauer,* 20 L. R. A., 560, for last. 20 Am. & Eng. Ency. Law, 2d ed., 462, 463, note. *Harris County* v. *Campbell,* 2 Am. St. Rep., 467.

*George C. Paine,* for appellees.

The case ought to be affirmed because the testimony is overwhelming that Lake at the time of the notice and the other legal proceeding herein owed the contractors much money; that he has paid into court money that was due the contractors; that there is no one to pay this money to other than the appellees to whom the justice of the peace awarded the money under § 2714 of the Code of 1892.

MAYES, J., delivered the opinion of the court.

It is not pretended that Lake had ever in any way contracted with appellees to pay them for any of the materials furnished by them to the contractors and to Wheeliss & McCulla. If Lake is liable at all, he is liable by virtue of the

statute and the proceedings taken by appellees under it, and in no other way. The fact that materials were furnished to the contractors and that the contractors put this material in the building creates no liability on the part of the owner, unless there is a concurrence of one of two things: (1) In order to create any liability on his part, he must have contracted to become responsible to the person furnishing the materials to the contractors for the building; or (2) at the time notice is served on him there must be something due by the owner to the contractor. Neither of the things which would create a liability on the part of the owner to the appellees existed in this case. After the most careful review of this record, the proof shows that when notice was served on the owner by appellees he owed the contractors nothing. He states this in his answer, and the proof conclusively shows this. It is true that he admits in his answer that there is $59.20 which he had not yet paid out at the time notice was served on him; but this amount is not due to the contractors at all, but it was due to Rye for material furnished the contractors to go into this building, by virtue of a contract that Rye had with the owner of the building, and for which the owner was responsible to Rye, and was not due to the contractors at all. It is also true that after service of notice on the owner by appellees he paid certain other sums that were due Rye and the McMillan-Paine Hardware Company; but these sums so paid after notice was served were not paid out of moneys that were due the contractors, but they were paid on an independent undertaking between the owner of the property and Rye and the McMillon-Paine Hardware Company, whereby the owner had obligated himself to buy this material to go into the house, and the same was charged to him and was his debt; and this contract with Rye and the hardware company was made, and the obligation incurred, long prior to the serving of any notice on Lake by appellees. The contract between Lake and Rye and the McMillan-Paine

Hardware Company, whereby Lake became indebted to them for materials furnished by them which it was the duty of the contractor to supply, was made long prior to the time at which written notice was served on Lake by appellees of any claim that they had against the contractors. At the instant that Lake assumed this indebtedness to Rye and the McMillan-Paine Hardware Company the amount due the contractors under the contract with Lake was necessarily reduced in amount by whatever sum the material that was obtained from Rye and the McMillan-Paine Hardware Company amounted to.

*We think the court should have granted the peremptory instruction, and the case is therefore reversed and remanded.*