ENOCHS LUMBER & MFG. CO. ET AL. *v.* GARBER, ET AL.

[76 South. 730.]

MECHANICS LIEN. *Notice. Priorities. Code* 1906, *sections* 3072-3074. Section 3072, Code 1906, making all liens on the same building concurrent and payable in proportion out of the proceeds of the property when sold, applies only to liens for materials furnished to the owner or labor rendered under contract with the owner and does not apply to subcontractors, laborers, and materialmen, who under the provision of section 3074 may bind the amount due the contractor by written notice to the owner, in the order in which their notices are given.

APPEAL from the circuit court of Hinds county.
HON. W. H. POTTER, Judge.

Proceeding by the Enochs Lumber & Manufacturing Company and others, materialmen, against J. C. Garber, contractor and others. Judgment that rights of parties were equal to concurrent was affirmed and plaintiffs suggest error which was sustained.

The facts are fully stated in the opinion of the court.

*Green & Green,* for appellant.

*R. H. & J. H. Thompson, Fulton Thompson* and *Ridgeway & Ridgeway,* for appellees.

Etheridge, J., delivered the opinion of the court.

Per Curiam. Affirmed.

### On Suggestion of Error.

The agreed statement of facts is as follows:

"Come the parties to the above-styled cause by their attorneys of record, and agree: That the agreed statement of facts and the judgment of the court rendered thereon shall constitute the transcript of the record in the case of the *Enochs Lumber & Mfg. Company et al.* v. *I. C. Garber et al.,* appealed from the circuit court of the First district of Hinds county, Miss,. to the supreme court of Mississippi, and that the two documents shall be certified as such and be considered a full transcript in the supreme court of Mississippi for the consideration and final adjudication of the cause.

"Under an order of consolidation, causes numbered 3636, 3637, and 3642, on the docket of the circuit clerk of the First district of Hinds county, Miss., were consolidated under cause No. 3637, thus making all parties in interest parties to 3637.

"Petitioners are materialmen who each severally furnished materials to I. C. Garber, a contractor, used by him in the construction of an annex to the Young Men's Christian Association Building of Jackson, Miss. Mr. Garber's contract was for the sum of two thousand, five hundred eighty-six dollars. No notice was served until the balance due was reduced to six hundred seventy-three dollars and thirty-nine cents (which amount the Y. M. C. A. now tenders into court).

"Thereupon in the following order several notices were served in full compliance with section 3074, Mississippi Code of 1906, upon the Y. M. C. A. of Jackson, Miss., that:

I. C. Garber was due Enochs Lumber &. Manu-

|  |  |  |  |
|---|---|---|---|
| " | " | facturing Company.. | $241.80 |
| " | " | " Jackson Lumber Company | 345.95 |
| " | " | " Bullard Brick Company | 259.45 |
| " | " | " Ray Wright | 130.00 |
| " | " | " Central Lumber Company | 241.32 |
| " | " | " Morrison Coal Company | 80.15 |
| " | " | " Addkison & Bauer | 42.90 |
| " | " | " S. P. Cagle | 50.00 |

—for materials so furnished and used.

"That I. C. Garber was adjudged bankrupt February 12, 1917, and that D. H. Holder was elected and has qualified as his trustee in bankruptcy.

"The sole controverted question is of law. Does priority of notice under section 3074, Mississippi Code 1906, vest a prior right, or are all liens under section 3072, Code 1906, concurrent?"

On this agreed statement of facts the circuit court held that the rights of the several parties were equal and concurrent and that they should have the *pro rata* according to the amount of their claims of the fund paid into court, and this judgment was affirmed on a former day of this court under the theory that these rights would be governed by the provisions of section 3072 of the Code, taken in connection with section 3074. On the suggestion of error, it is insisted that this opinion was error, and that it was contrary to the doctrine of *Herrin* v. *Mobley,* 61 Miss. 509, and *Spengler* v. *Lumber Co.,* 94 Miss. 780, 48 So. 966, 19 Ann. Cas. 426. In the case of *Herrin* v. *Mobley,* 61 Miss. 509, the court held that these notices of subcontractors and laborers are equivalent to garnishment, and that he who was prior in time was

prior in right. In that case a creditor having a judgment garnished, and the notices of the laborers under the statute were filed subsequent to the garnishment, and the court held that the first garnishor, that is, the creditor having a judgment, had a right to have his full demand settled before the ones giving the subsequent notices were satisfied. In other words, the court held that in legal contemplation the rights arising to materialmen and laborers for material and labor rendered to a contractor, under section 3074 of the Code, had only the effect of a garnishment, and the one that first served notice had rights prior to those serving subsequent notices. In the *Spengler Case,* 94 Miss. 780, 48 So. 966, 19 Ann. Cas. 426, the contest was between an assignee of the contractor and subsequent claimants under section 3074, and in an elaborate opinion filed in that case our court quoted from the New York cases, from which state our statute (section 3074) is copied, and demonstrated by those decisions that the rights of each subcontractor or laborer or materialman furnishing a contractor, only became effective from the date of the notice, and that the ones that served the first notices were satisfied in full before the ones serving a subsequent notice could secure any of the funds to be applied upon his claim. After mature consideration of these cases we are of the opinion that section 3072 applies only to liens for materials furnished to the owner or labor rendered under a contract with the owner, and does not apply to subcontractors, laborers, and materialmen, under the provisions of section 3074. The suggestion of error is therefore sustained, and judgment will be rendered here for the appellants in the order in which notices were given. In other words, the claim of the Enochs Lumber & Manufacturing Company is to be first satisfied, and then the claim of Jackson Lumber Company, and the balance, if any, to the Bullard Brick Company.

*Sustained.*