CITIZENS' LUMBER Co. *et al. v.* NETTERVILLE *et al.**

(Division B.   Dec. 22, 1924.)

[102 So. 178.   No. 24264.]

1. MECHANIC'S LIENS. *Owner employing contractor not liable to mate-rialman and laborers, unless indebted to contractor when notified of claims.*

An owner who employed a contractor to furnish materials and construct a house for him is not liable in a suit by materialmen or laborers to enforce the lien given by section 2418, Hemingway's Code, unless he be indebted to the contractor on the contract price when notified, as provided by section 2434, Hemingway's Code, of plaintiff's claim, and he is to be credited with any sum paid or agreed to be paid by him to others, before such notice, for materials used in the building.

2. MECHANIC'S LIENS. *When rights of subcontractor, laborer, or materialman furnishing contractor became effective stated.*

Under section 3074, Code of 1906 (section 2434, Hemingway's Code), the rights of a subcontractor or laborer or materialman furnishing a contractor only becomes effective from the date of the notice to the owner, and the ones first serving notices have rights prior to those serving subsequent notices.

3. CONTRACTS. *Unambiguous contract provisions control, in absence of showing of waiver.*

Where the provisions of a contract are plain and unambiguous, they will control, in the absence of evidence showing that they have been waived.

*Headnotes 1. Mechanics' Liens, 27 Cyc., pp. 90, 107, 109; 2. Mechanics' Liens, 27 Cyc., pp. 107, 109, 231; 3. Contracts, 13 C. J., section 485.

APPEAL from chancery court of Pike county.
HON. R. W. CUTRER, Chancellor.

*W. B. Mixon,* for appellants.

The Citizens' Lumber Company and Sandifer, appellants, contend that under the facts of this case, and the

law, the court should have decreed that the amount of the indebtedness for material owing to the Lumber Company should first have been deducted from the amount paid into court, because the credit having been extended to Sandifer for this amount of the material and Sandifer having assumed to pay the Lumber Company, then he was entitled to have the contract price of three thousand dollars diminished by the amount of this indebtedness. The test is whether under the facts in this case Sandifer would be liable in a suit by the Citizens' Lumber Company against him for the material bill. *Holmes* v. *Shands & Johnson*, 27 Miss. 40. If Sandifer, the owner, was primarily liable to the Lumber Company, then it was not obligatory on the Lumber Company to give notice to Sandifer. 27 Cyc. 113; *Brace Mill Co.* v. *Burbank*, 1917-E Ann. Cas. 356; *Lake* v. *Brannin et al.*, 90 Miss. 737. Sandifer would be estopped to deny liability to the Lumber Company. *Delta Lumber Company* v. *Wall*, 80 So. 782; Sec. 2434, Hemingway's Code (Suppl. 1921).

The decree is glaringly erroneous when considered in the light of the holding of this court on suggestion of error in the case of *Enochs Lumber Co.* v. *Garber et al.*, 116 Miss. 229; *Herrin* v. *Warren & Moberly*, 61 Miss. 509; *Spengler* v. *Lumber Company*, 94 Miss. 780. It is the contention of appellant that according to the contract and specifications, appellee cannot be heard to make this claim, because if any extra work was done, it was not done according to his contract, and in accordance with the specifications, which were a part of his contract. Court held in the case of *Wood* v. *Morath*, 90 So. 714, that "the terms of a plain and unambiguous contract cannot be varied by evidence of the acts of the parties thereto, indicating a construction thereof by them at variance with its terms." *Garson Bros.* v. *Wilson*, 93 So. 783.

It is our contention that the appellee, even if the extra brick work was done, by his failure to have the amount of the cost estimated by the architect, and indorsed on the contract, has forfeited his right to claim any compensation therefor, because such acts on his part in making such change, or incurring such additional expense, are at variance with the plain and unambiguous provisions of this contract.

*E. G. Williams,* for appellees.

The appellants contend that under the facts of this case, that the court should have decreed that the amount of the indebtedness for material owing to the Citizens' Lumber Company should first have been paid or deducted from the amount paid into court. This is an erroneous idea of the appellants, the Citizens'. Lumber Company, as the Citizens' Lumber Company failed to give the appellant, Sandifer, notice, and the notice should be given to the owner of the property. 34 Cent. Dig. title "Mechanics Liens," sec. 163; *Hall* v. *Erkfitz,* 84 N. W. 310; *Ricards* v. *O'Brien,* 53 N. E. 858.

It is not shown by the record in this case that Mr. M. E. Sandifer, one of the appellants, had ever in any way contracted with the Citizens' Lumber Company to pay the lumber company for any materials furnished by the lumber company to Netterville, the contractor. *Lake* v. *Brannin,* 90 Miss. 737.

"When a written notice of a claim to a fund by laborers has been served subsequent to a writ of garnishment, the garnishment being first in time, is first in right . . ." *Merrin* v. *Mobley,* 61 Miss. 509. Sec. 3074, Code of 1906, was strictly followed by the laborers as will be noted by reference to the exhibits to the appellant's "Bill of Interpleader."

An agreement by the owner of a building to become liable as surety for material furnished his contractor

is within the statute of frauds. *Vicksburg Mfg. & Supply Co.* v. *Jaffray Const. Co. et al.*, 94 Miss. 282.

We take it that the true rule is "where a contract is ambiguous, the practical construction placed thereon by the parties thereto as evidenced by their acts thereunder may be looked to in order to ascertain its meaning," and in this matter the contract allowed the contractor to do "extra work" in order to make the dwelling come up to plans and specifications, and the "extra work" was done by the contractor, Netterville, with the consent of the owner, and he is now estopped to deny this, as he acquiesced, for the reason neither the owner nor his architect made any complaint to the contractor. If the owner knew that the contractor was doing the "extra work" and did not stop him, is he not now bound for same?

Argued orally by *W. B. Mixon*, for appellant.

COOK, J., delivered the opinion of the court.

On April 11, 1923, the appellant M. E. Sandifer entered into a written contract with the appellee A. R. Netterville for the construction of a dwelling house on a lot described in the contract. By the terms of this contract the contractor agreed to furnish all the material and labor necessary for the completion of the building at and for the sum of three thousand dollars. The contractor applied to the appellant Citizens' Lumber Company to purchase lumber for the construction of this dwelling, and thereupon the lumber company notified the owner, Sandifer, that he would be charged with all material furnished, and that bills therefor would be mailed to him every two weeks, and a discount of two per cent, would be given for prompt payment. The contractor employed a number of workmen, and purchased brick and material from other parties on his own credit, and proceeded with the construction of the building. On the certificate of the architect as to the amount of work done the owner

made certain payments on the contract price, and also paid direct to the Citizens' Lumber Company for material furnished the sum of seven hundred and fifty-five dollars and eighty-eight cents. On July 16, 1923, several parties gave the owner notice in writing that they held certain claims for labor performed on said building, and on July 17, 1923, G. W. Netterville notified the owner in writing of his claim for material furnished the contractor.

At the time these notices were given there was a balance of nine hundred and forty-one dollars and twenty-six cents due on the original contract for the building, and after receipt of the notices the owner filed a bill of interpleader in the chancery court of Pike county, paying into court the amount due under the contract, making all parties holding claims including the Citizens' Lumber Company and one H. M. Herrington, who had not filed written notices of their claims, parties thereto, and praying that these claimants be required to propound their claims, and that the court adjudicate all matters in relation to said contract. Thereafter all the parties propounded their claims, and the contractor filed a petition in said cause, demanding of the appellant Sandifer the additional sum of six hundred ten dollars and sixty cents for extras, which he claimed were not covered by the contract, and which he had furnished.

At the final hearing proof was taken on all the claims and issues, and the court granted a decree awarding the contractor one hundred ninety-two dollars and forty cents for extra work done and not provided for in the plans and specifications, and held that the Citizens' Lumber Company was a common creditor of the contractor and entitled only to a *pro rata* share of the amount due by the owner to the contractor, and that this sum should be prorated among all the claimants, regardless of the date on which the written notices had been given, or of whether any written notice at all had been given.

Upon the claim of the Citizens' Lumber Company the general manager of this company testified that, for the material furnished for this building, credit was extended to Sandifer, the owner; that before the material was delivered Sandifer was notified by letter that the material would be furnished on his credit only, and a copy of this letter was made a part of the record; that it was actually charged to Sandifer and bills therefor were rendered to him every two weeks; that Sandifer paid to the lumber company bills amounting to seven hundred and seventy-one dollars and thirty cents, leaving a balance due the lumber company by Sandifer of seven hundred five dollars and seventy-eight cents. Sandifer testified that he assumed to pay this company for the lumber furnished by it. The architect testified that he issued no certificates for the payment to the contractor of the amount due for lumber furnished by this company, for the reason that it was understood that the owner had assumed to pay these bills directly to the lumber company. The contractor testified that he understood that, if the owner paid for any material furnished the amount of such payments was to be deducted from the original contract price of the house.

The testimony upon this point appears to be undisputed, and it establishes beyond controversy that the material furnished by this company was sold upon the credit of the owner of the building, and that he had become obligated to pay therefor long before any notice was served on the owner by the appellees. Before any of this material was furnished he was notified in writing that it would be furnished on his credit only, and, while it is true that he did not reply to this letter, yet every two weeks he received a bill for the amount so furnished, showing that this lumber was being charged to him. He accepted these bills without protest, and paid the sum of seven hundred seventy-one dollars and thirty cents thereon, and, aside from his positive testimony that

he undertook to pay for this lumber, his long acquiescence in the arrangement constituted a ratification thereof. We think it is clear that the owner of the building had obligated himself to pay for the material furnished by the Citizens' Lumber Company to go into this house, and that this had become his debt long prior to the serving of any notice on him by the appellees. This being true, the amount due the contractor under the contract was necessarily reduced in amount by whatever sum the material amounted to. It was so held in the case of *Lake* v. *Brannin,* 90 Miss. 737, 44 So. 65, where the court had under consideration this precise question. Consequently, the court was in error in holding that the appellant Citizens' Lumber Company was entitled to only a *pro rata* share of the balance due under the contract, and the decree should have directed that this company receive out of this balance the full amount of its indebtedness.

The court was also in error in holding that all the other claimants were entitled to share *pro rata* in the fund paid into court. The record discloses that the statutory notices were served on the owner on July 16, 1923, by A. R. Netterville, Jr., P. A. Deere, Clem Huff, F. P. Netterville, M. D. Wilson, R. E. Dunn, and Fred Abraham, while the notice of G. W. Netterville was served on July 17th, and H. M. Herrington filed no notice in writing. In the case of *Enochs Lumber & Mfg. Co.* v. *Garber et al.,* 116 Miss. 229, 76 So. 730, it was held that "in legal contemplation the rights arising to materialmen and labors for material and labor rendered to a contractor, under section 3074 of the Code (section 2434, Hemingway's Code), had only the effect of a garnishment, and the one first serving notice had rights prior to those serving subsequent notices," and further that, "the rights of each subcontractor or laborer or materialman furnishing a contractor, only becomes effective from the date of the notice, and that the ones that served the first notices were satisfied in full before the ones serving a subsequent

notice could secure any of the funds to be applied upon his claim.'' Under this holding the decree of the court should have directed that the remainder of the money, after paying the Citizens' Lumber Company and the costs, should be prorated among the laborers who served the notices on the owner on July 16th, and the balance, if any, applied toward the discharge of the indebtedness of the party giving the subsequent notice.

Finally, on behalf of the appellant Sandifer, it is contended that the decree of the court below is erroneous in allowing a recovery against Sandifer of the sum of one hundred ninety-seven dollars and forty cents for extra work and material furnished by the contractor.

The contract contains two provisions in reference to extra work and changes in the plans of the building; the first being as follows:

''It is also further agreed that the said party of the second part (the owner) may make all alterations by adding, omitting or deviating from the aforesaid plans, drawings and specifications, or either of them, which he may deem proper and the architect shall advise, without impairing the validity of this contract, and in all cases the said architect shall value or appraise such alteration, and add to or deduct from the amount herein agreed to be paid to the said first party the excess or deficiency occasioned by such alteration.''

The second provision in reference to alterations or changes in the plans is as follows:

''Should any extra work or changes of the plan be required whereby the cost may be increased or diminished, all such changes must be determined and agreed upon before the change is made, and the amount, whether an increase or decrease in cost, must be indorsed upon the back of the contract.''

If it can be held, on the testimony in this record, that the additional brick work done by the contractor, and for which allowance was made, was required on account of an alteration, change, or addition to the plans and

specifications, and not on account of a miscalculation on the part of the contractor as to the number of brick and amount of work required to construct the rear wall of the basement according to the plans, which we think is very doubtful, still there is no contention that this work was authorized by the owner, and the cost thereof determined and agreed upon in advance in writing endorsed upon the back of the contract or elsewhere. The provisions of the written contract that, before any changes in the plans shall be made or any extra work done, the cost there shall be determined and agreed upon between the parties are valuable for the protection of the owners against excessive charges for extras and claims for unauthorized additions or extras. These provisions of the contract are plain and unambiguous, and, in the absence of a showing that they have been waived, must control, since, as held in the case of *Wood* v. *Morath,* 128 Miss. 143, 90 So. 714:

"The terms of a plain and unambiguous contract cannot be varied by evidence of the acts of the parties thereto indicating a construction thereof by them at variance with its terms."

We conclude, therefore, that the court erred in allowing a recovery by the contractor against the owner of the sum of one hundred ninety-seven dollars and forty cents for extra material and labor furnished by him.

The judgment of the court below will therefore be reversed, and judgment entered here in accordance with the directions of this opinion.

*Reversed, and judgment here for appellants.*