JAKE STRICKLAND LUMBER CO. v. RHEINHART.

[76 South. 643, Division B.]

1. MECHANICS LIEN. *Liens of materialmen and laborers. Rights of assignee of contractor.*

Under Code 1906, section 3074, giving to sub-contractors materialmen and laborers, a lien on the amount due by the owner to the contractor upon their giving notice to the owner, an assignee of the principal contractor has the prior right to the fund as against sub-contractors, materialmen and laborers, serving notice after the assignment, though the assignee does not give the lien claimant notice of his assignment.

2. MECHANICS LIEN. *Materialmen. Rights of assignee of contractor. Partnership. Evidence. Admissibility.*

In a suit by a materialman to enforce his lien upon money paid into court by the owner as still due the principal contractor, where it was charged that the assignee of the principal contractor, was in fact in partnership with him it was error to exclude the evidence of partnership since if it was a partnership the purported assignee would be subordinated to all of the other claims for material and labor, though the notice of such other claimants were served after the assignment.

APPEAL from the circuit court of Coahoma county.
HON. W. A. ALCORN, Judge.

Suit by S. Rhinehart against C. A. Carroll and others and the Jake Strickland Lumber Company. From the judgment rendered, the Lumber Company appeals.

The facts are fully stated in the opinion of the court.

*T. B. Watkins* and *Robert Powell,* for appellant.

We maintain that the funds paid into court should have been awarded to appellant to the exclusion of all other parties. This statement is based on the reason that appellant's assignment being first in time, was, therefore, prior in right, and appellant as payee of the order after date September 11, 1914, drawn on the ar-

chitects, to be paid out of the funds of the Carroll job when completed, was entitled to the full amount of the funds of the Carroll job paid into the hands of the clerk to the exclusion of appellees.

A person who contracts to erect a building for another has the right to assign the money due or to become due to him from the owner with or without his consent. *Augustine Spangler et al.* v. *Stiles-Tull Lumber Co.*, 94 Miss. 780. Reinhart, Ellis, Waters and Shelton Hardware Company, who were but various materialmen, the first two of whom alone served on October 30, 1914, and November 2, 1914, respectively, "'stop notices" under section 3074 of the Code, the notices so given being served more than a month subsequent to the execution and delivery by the contractor of the assignment to appellant.

The court below, by its final judgment, distributed the two hundred and ninety-seven dollars and sixty cents paid into court as follows: Reinhart and Ellis were paid in full, and the balance of said fund was distributed proportionately to appellant, Joe Waters, and J. R. Shelton Hardware Company. We say the court should have awarded all of the two hundred and ninety-seven dollars and sixty cents to appellant on the balance of five hundred dollars due appellant on its assignment.

To intelligently discuss this, the first question presented is: Was the order drawn by the contractor on the Architects in favor of appellant "to be paid out of Carroll job when complete" an assignment. We contend that it was. 5 Corpus. Juris., 910; 5 Corpus. Juris., pages 911 and 912; *Spengler* v. *Stiles,* 48 So. 966; *Moody* v. *Kyle,* 34 Miss. 506.

We maintain that this case forever sets at rest the doctrine for which we contend in this appeal. However, our court in a more recent decision has reiterated this doctrine and, by its approval of this language used in *Stevens* v. *Ogden,* 130 New York, 182, 29 Northeastern 229: "The order drawn by the contractor on the owner in favor of E. H. Ogden & Company for nine hundred

and nine dollars and ninety-four cents, being by its terms payable out of a particular fund specified in the order, operated as an assignment *pro tanto* of that fund," again enunciates the rule for which we now contend. (See the language of Chief Justice Whitfield, in case of *Spengler* v. *Stiles,* 48 So. 966, from which case we will hereafter quote at length.

The authorities cited, we respectfully maintain, uphold our contention that the order was an assignment. For the court's convenience, we now list the authorities cited on the above proposition advanced by us. A person who contracts to erect a building for another has the right to assign the money due or to become due to him with or without the consent of the owner. *Spengler et al.* v. *Style-Tull Lbr. Co.,* 94 Miss. 780; 5 Corpus. Juris., 906, 901, 911, 912, 922, 923, 924, 925 and 926; *Moody* v. *Kyle,* 34 Miss. 506; *Stevens* v. *Ogden,* 130 N. Y. 182, 29 Northeastern, 229; and authorities therein cited.

Assuming that the court will share our opinion that the order in question was an assignment, we now ask: What was its legal effect? Many cases might be cited to answer this question, but it has been so positively answered by our own supreme court that we think a citation of authorities other than the cases of our own Mississippi court would prove both burdensome and useless and, therefore content ourselves with the Mississippi decisions. These decisions undoubtedly and unmistakably uphold this our contention: That the assignment in question, being prior in time to the service of the stop notices served by Reinhart and Ellis on the owner Carroll, gave to appellant the prior right to the two hundred and ninety-seven dollars and sixty cents paid into court by the owner to the exclusion of the materialmen, appellees here. The Mississippi cases so holding are: *Herrin* v. *Warren & Mobley,* 61 Miss. 509; *Peck-Hammond Co.* v. *Williams,* 77 Miss. 824, 27 So. 995; *Spengler* v. *Stiles,* 48 So. 966; *Herrin* v. *Warren & Mobley,* 61 Miss. 509.

We therefore, respectfully ask that this court award to appellant the full amount of the fund of two hundred and ninety-seven dollars and sixty cents paid into the hands of the clerk in the court below.

*R. L. Burns* and *Dan Brewer,* for appellee.

Appellees respectfully submit that a careful examination of the record will disclose that exact justice was done by the entry of the trial court of the judgment below.

We are constrained to believe that appellant the Jake Strickland Lumber Company does not seriously consider its appeal, and we feel that when the court has carefully examined the record, the judgment below will be affirmed, as we submit most respectfully it should be.

ETHRIDGE, J., delivered the opinion of the court.

C. A. Carroll had a residence erected in Clarksdale, Miss., under a contract with one Ward for a fixed price. Ward secured material from various parties for use in erecting said building. Before the building was completed Ward executed an assignment to the Jake Strickland Lumber Company for one thousand dollars, to be paid out of the proceeds from Carroll for the building. This assignment was not brought to the attention of Carroll, nor accepted by Carroll, but was presented to the architect superintending the construction of the building, and the architect would only allow five hundred dollars of said assignment, stating that he did not know how much it would take to complete the building.

S. Rheinhart filed an account in the court of a justice of the peace for one hundred and twelve dollars and fifty cents for material furnished in the building, and made Carroll and wife, the Bank of Clarksdale, the Clarksdale Building & Loan Association, Jake Strickland Lumber Company, and H. L. Ward parties defendant. In this petition in the justice's court he alleged

that the Jake Strickland Lumber Company and H. L. Ward contracted with Carroll and wife for said building, and that they had constructed the building as contracted, and that the material furnished by Rheinhart went into said building. A like suit was filed by W. R. Ellis for fifty-six dollars and six cents, and the same parties were made defendants as in the other suit. Carroll and wife filed their answer, stating that two hundred and ninety-seven dollars remained due and unpaid on said work and no more, and paid this amount into court. H. L. Ward, the contractor, filed an answer, admitting the indebtedness claimed by Rheinhart and Ellis, and also suggesting that J. R. Shelton Hardware Company, Joe Watters, and one Finch also had claims for materials furnished in said building, but in his answer he contended that the Jake Strickland Lumber Company, who filed a claim for seven hundred and sixty-five dollars, was not entitled to any claim against said building, and claimed that he, Ward, and the Jake Strickland Lumber Company were partners in said contract, and that said bid and contract were made for and in the interest of the Jake Strickland Lumber Company. The Jake Strickland Lumber Company filed an answer denying the partnership and claiming seven hundred and sixty-five dollars for material and the balance of five hundred dollars on a one thousand dollar order which he claims was given prior to any service of notice on the owner and before suit. Ellis gave notice to the contractor of his claim on the 2d day of November, 1914, and Rheinhart gave notice on the 30th day of October, 1914. The cause was tried in the justice's court and the justice gave judgment in favor of Rheinhart and Ellis as preferred claims, and judgments for the other claimants brought in by intervention, and denied the claim of the Jake Strickland Lumber Company. From these judgments the Jake Strickland Lumber Company appealed to the circuit court, and Ellis and Rheinhart also appealed. In the circuit court H. L. Ward was offered as a witness for the plaintiffs Rheinhart and Ellis, and

was asked the question, "In what way did you deal with the Jake Strickland Lumber Company?" and answered, "As partner and manager." The question and answer were objected to, and the objection was sustained by the court. This witness was also asked for whose benefit the, contract with Carroll was made. This question was also objected to, and the objection was sustained. Ward also testified that the materials furnished by the Strickland Lumber Company in the building were furnished prior to the dissolution of their partnership arrangement. This evidence was objected to by the Strickland Lumber Company, and the objection sustained.

The court instructed the jury for the plaintiff that if the jury believed from the evidence the Jake Strickland Lumber Company was paid for all the materials and labor furnished by it in the construction of the Carroll job, they would find against the Jake Strickland Lumber Company.

The Jake Strickland Lumber Company requested an instruction that if the jury believed from the evidence that the Jake Strickland Lumber Company furnished labor and materials in the erection of the Carroll residence in excess of the amount alleged to be due on the order for one thousand dollars given by Ward to the Strickland Lumber Company, they will find for the Jake Strickland Lumber Company in such amount as the evidence shows to be due the Jake Strickland Lumber Company for all labor or materials, or both, furnished in the erection of the Carroll residence, and that the form of the jury's verdict in such case would be:

"We, the jury, find that the Jake Strickland Lumber Company furnished labor and materials used in the erection of the Carroll residence in excess of the amount of five hundred dollars alleged to be due on the order for one thousand dollars given by Ward to the Jake Strickland Lumber Company to the amount of —— dollars" filling in the amount as the evidence may show that the Jake Strickland Lumber Company furnished in

excess of five hundred dollars, which the court refused to give.

The appellant also requested an instruction to find for the Jake Strickland Lumber Company whatever amount, if any, they may believe is due and owing said company for any and all material furnished, if any, in excess of the amount in controversy evidenced by draft or order by Ward on the contractor, which was also refused by the court.

The court granted the appellant an instruction that if the jury believed the Jake Strickland Lumber Company was entitled to recover the alleged balance of five hundred dollars on the order in evidence then their verdict will be:

"We, the jury, find for the Jake Strickland Lumber Company in the amount of five hundred dollars" and if they further believe that this amount is for labor and material used in the Carroll residence, the form of their verdict will be:

"We, the jury, find for the Jake Strickland Lumber Company in the sum of five hundred dollars, and that said sum is for labor and material furnished and used in the Carroll residence."

The court further instructed for the appellant that the burden was on Ward to establish by a preponderance of the evidence that the payment of five hundred dollars made on the order for one thousand dollars given by Ward to the Jake Strickland Lumber Company was accepted by the Jake Strickland Lumber Company in full payment of the whole amount of said order, and that unless the said Ward met this burden, by a preponderance of the evidence, to the satisfaction of the jury, then they would find for the Jake Strickland Lumber Company, and if they further believed from the evidence that such amount is due the Jake Strickland Lumber Company for materials or labor used in the erection of the Carroll residence, then they will certify in their verdict that the said amount is due the Jake Strickland Lumber Com-

pany for labor and materials furnished and used in the erection of the Carroll residence.

The jury returned a verdict as instructed as to Rheinhart and Ellis, and returned the following verdict for Strickland:

"We, the jury, find for the Jake Strickland Lumber Company the amount of five hundred dollars."

Upon these verdicts the court below entered judgment against Ward in favor of each of the said parties for the amount found by the jury, and then apportioned the moneys paid into court by Carroll by allowing Rheinhart and Ellis their claims in full and prorating the balance of the fund between the Jake Strickland Lumber Company and the other defendants below on the basis of their claims. From this judgment the Jake Strickland Lumber Company appeals here, and insists that it should have been given a judgment for the full amount paid into court, and that the claims of the other parties should be subordinated to its claim on the assignment given by Ward to the Jake Strickland Lumber Company for five hundred dollars, the funds paid into court being less than five hundred dollars.

We are of the opinion that, unless there was a partnership between the Jake Strickland Lumber Company and Ward on this contract, the judgment should have been for the appellant, under the holding of the cases of *Spengler* v. *Lumber Company,* 94 Miss. 780, 48 So. 966, 19 Ann. Cas. 426, and *Herrin* v. *Warren & Mobley,* 61 Miss. 509. We think the court committed error in excluding the evidence of a partnership between Ward and the appellant, and, if there was a partnership, that the Jake Strickland Lumber Company would be subordinated to all of the other claims for material and labor. The question of partnership should have been submitted to the jury, under proper instructions, and if there was a partnership with reference to this contract, the assignment of Ward to the Jake Strickland Lumber Company would not be good against the claims of the materialmen

and laborers accruing in the construction of the building. For the errors indicated the judgment is reversed, and the cause remanded.

*Reversed and remanded.*