WHITE'S LUMBER & SUPPLY CO. *v.* REA *et al.*

(Division A. December 8, 1930.)

[131 So. 259. No. 28987.]

**Victor W. Gilbert**, of Meridian, and **Ford & McGehee**, of Columbia, for appellant.

**Amis, Dunn & Snow**, of Meridian, for appellee.

**S. M. Graham,** of Meridian, for appellee.

**Cook, J.,** delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Lauderdale county in favor of A. S. Rea, trading as City Plumbing Company, Ryan J. Faulk and Walter D. Lindeman, appellees, against White's Lumber & Supply Company, appellant, and its codefendant, Frank S. Covert. The bill of complaint filed in the cause alleged, in

substance, that J. C. Jones and his wife entered into a contract with Frank S. Covert to erect for them a house for the stipulated sum of five thousand four hundred fifty dollars; that, in addition to the said contract between these parties whereby the said Covert agreed to furnish the material and construct the house, the said Covert, desiring to secure unto himself the full and prompt payment of the said contract price, further procured the said Jones and wife to execute a deed of trust on the lot on which the house was to be constructed in favor of the White's Lumber & Supply Company, securing the payment of the sum of five thousand four hundred fifty dollars, by the said Jones and wife; that it was the intent and purpose of this arrangement that Jones and wife would pay the said sum, being the contract price for furnishing the material and labor and constructing the house, and that the said White's Lumber & Supply Company would pay the said sum of money so paid to it to the said Covert and any and all other persons entitled thereto, who might perform labor upon, or furnish material for, the construction of the building and the performance of the contract by Covert.

The bill of complaint further averred that the White's Lumber & Supply Company accepted the deed of trust with the stated intent and purpose, and thereafter the said Jones paid to it the said sum of five thousand four hundred fifty dollars, the full amount due and owing by them to Covert under the contract; that in taking the deed of trust and accepting the payment from Jones and wife the said White's Lumber & Supply Company was acting as trustee for and on behalf of the said Covert and any and all other persons entitled to said sum of money, or any part thereof, for labor performed, or material furnished, in the construction of the building; that in recognition of its trusteeship it did use a portion of said money in making said payments, and that it retained

a large portion of said sum so placed in its possession, and withheld the same from the payment of labor performed, and material furnished, in constructing the building, and then held, as such trustee, a sum of money largely in excess of the several and separate amounts due and owing to the complainants, appellees herein; and that the said White's Lumber & Supply Company had converted said money to its own use and benefit, and neglected and refused to carry out the intent and purpose of the trusteeship by applying it to the payment of the claims due and owing to the appellees. The bill of complaint then sets forth in detail the amount of labor performed, and material furnished, by each of the appellees in the construction of the building, and the amount owing them by Covert therefor, and alleged that the building had been fully completed and had been accepted by Jones, and that the full contract price had been paid to the said White's Lumber & Supply Company, and the deed of trust cancelled. It was further charged that by reason of the arrangement between the parties, it devolved upon the White's Lumber & Supply Company to pay the labor and material bills incurred in the erection of the house to the extent of five thousand four hundred fifty dollars, and, if said amount was insufficient to pay all of the labor and material bills, to pay each laborer and materialman a pro rata share out of said funds, but that it refused so to do. The prayer of the bill was that the said White's Lumber & Supply Company be required to render an account of the five thousand four hundred fifty dollars turned over to it by Jones, and that a decree be entered in favor of the several appellees for the amount due each of them.

The appellant filed its answer and admitted the execution of the note and deed of trust, and the execution of the contract between Jones and Frank S. Covert, but denied in detail all the averments of the bill of complaint

which charged, or attempted to show, that it was acting as trustee on behalf of Covert or any other person, or that charged, or attempted to show, any liability on its part for payment of the labor and material bills of the appellees. It averred that Jones and his wife did not desire to make any payments on the building to be con-structed until the same was completed, and that it, through its officers and agents, explained to them that if they would give a deed of trust on the lot upon which the house was to be erected to guarantee the full pay-ment of its account, as well as a full refund of the money advanced it would furnish material, and pay to Covert such money as his needs might require; that after this ar-rangement was consummated, upon the itemized payrolls and written orders of Covert, it paid laborers and work-men, and sometimes subcontractors; that all money paid out by it was on the written order of Covert, and in this way the money was advanced by it to complete the build-ing; that it furnished the greater portion of the material and supplies used by Covert in the construction of the building, an itemized statement of all material and sup-plies furnished and payments made by it being filed as an exhibit to the answer; and averred that in material and supplies furnished, and money advanced, it had over-paid the contract price of five thousand four hundred fifty dollars by the sum of eighty-eight dollars and twen-ty cents. Included in the answer was a demurrer to the bill of complaint, the grounds thereof being that there was no equity on the face of the bill, and it states no cause of action, and—

"Third, said bill of complaint shows on the face that the said J. C. Jones and Carmen H. Jones executed a deed of trust in favor of the defendants for five thousand four hundred fifty dollars, with which to pay the said Frank S. Covert, contractor, the full amount of the con-tract price for the construction and erection of the house

as described in said bill of complaint, and that the said White's Lumber & Supply Company is nowhere shown to have become personally liable to any person whatsoever because of said agreement and contract.

"Fourth, because it appears from said bill of complaint that the complainants were subcontractors of Frank S. Covert, and the said contractors undertake to hold this defendant liable for sums of money paid over to Frank S. Covert when it does not appear from said bill of complaint that any notice was served upon this defendant, or J. C. Jones or Carmen H. Jones, that there was any indebtedness due by the said Frank S. Covert to the complainant as required by section one, chapter 128 of the Acts of 1918.

"Fifth, because it nowhere appears from said bill of complaint that this defendant undertook or obligated itself to these complainants to pay any sum of money whatever to the complainants on account of any work, labor, or material furnished in and about the contruction of said house, or to Frank S. Covert, contractor, and for other grounds to be assigned on the hearing."

This demurrer was overruled, and on the final hearing of the cause the chancellor entered a decree finding that the sum of five thousand four hundred fifty dollars was caused by the defendant Frank S. Covert to be placed in the hands of the appellant, as trustee, to be distributed by it in payment for material furnished and labor performed in and about the construction of the building pursuant to the contract between Covert and Jones, and that such trusteeship was accepted by the appellant; that the total cost of the material furnished and labor performed in the construction of the building was six thousand one hundred two dollars and seventy cents; that the said sum of five thousand four hundred fifty dollars should have been prorated among and between all persons furnishing material and labor in and about the construction of

the building, and directed that the balance on hand, after deducting the sums already paid out by the appellant for labor and material furnished by other parties, should be prorated between the appellant and the several appellees in the proportion that the value of the material furnished by appellant bore to the amount of the claims of the several appellees for labor and material; and awarded a decree in favor of the appellees against the appellant for this proportionate amount of the claims of the respective appellees. It also awarded a decree against Frank S. Covert for the full amount of appellees' claims. From this decree the White's Lumber & Supply Company appealed.

Upon the hearing of the cause there was much testimony introduced which, in substance, showed that Mr. and Mrs. Jones desired to build a residence, and entered into a contract with Frank S. Covert to build the house for the sum of five thousand four hundred fifty dollars; that the appellant company was interested in the matter for the reason that it expected to sell a greater part of the material necessary to construct the house, and a representative of the appellant participated in the negotiations leading up to the execution of the contract; that Jones did not desire to supervise the work, but desired a completed job to be paid for only when finally completed and accepted; that the appellant agreed to supervise the job and guarantee its completion according to the terms of the contract, and to furnish material and money necessary to complete the job, not to exceed the contract price of five thousand four hundred fifty dollars, provided Mr. and Mrs. Jones would execute a note for said sum of five thousand four hundred fifty dollars, secured by a deed of trust on the house and lot so as to guarantee the payment of said sum of five thousand four hundred fifty dollars to the appellant to reimburse it for the material and money so advanced; that the said note

and deed of trust were executed and placed of record in the chancery clerk's office of the county, and thereafter Covert entered upon the construction of the building, and the appellant company furnished material and advanced money therefor, upon the written orders of Covert, to the amount of eighty-eight dollars and twenty cents in excess of the contract price of five thousand four hundred fifty dollars. It was further shown by the evidence that the appellant company had nothing whatever to do with hiring the appellees to do the plumbing, wiring, and concrete work in the building, but that they were employed by Covert. The evidence further showed that when the building was completed to the satisfaction of Jones, he paid to the appellant the sum of five thousand four hundred fifty dollars, which was by it applied in the discharge of its claim against Covert for material furnished and money advanced to construct the building in accordance with the terms of the contract between Mr. and Mrs. Jones and Covert. The evidence does not show that Covert gave the appellant any written order to pay itself for material furnished by it.

Under section 1, chapter 128, Laws of 1918, section 2274, Code of 1930, which provides that, "When any contractor or master workman shall not pay any person who may have furnished materials used in the erection, construction, alteration, or repair of any house, building, . . . the amount due by him to any subcontractor therein, or the wages of any journeyman or laborer employed by him therein, any such person, subcontractor, journeyman or laborer may give notice in writing to the owner thereof of the amount due him and claim the benefit of this section; and, thereupon the amount that may be due upon the date of the service of such notice by such owner to the contractor or master workman, shall be bound in the hands of such owner for the payment in full, or if insufficient then pro rata, of all sums due such

person," etc., any amount due the contractor by the owner at the date of the giving of this statutory notice is impressed with a trust, and is bound in the hands of the owner for the payment of the amount due by the contractor to the subcontractor or materialmen; but the appellees do not assert any lien, claim, or right under or by virtue of this statute. The contention of counsel for the appellees is: "That Covert by his declarations and acts constituted and made the appellant his trustee, for the purpose of handling the funds involved in the construction of the Jones' house and that the appellant by its acts and declarations accepted the trust. That after accepting the trusteeship and receiving the funds from the Joneses the trustee mis-handled said funds and that a large portion of the same was appropriated to appellant's private uses and without any written order from the settlor."

We do not think this contention of counsel is sound. We see nothing in the declarations and acts of the contractor which constituted the appellant his trustee for the purpose of holding and disbursing the funds involved in the construction of the house, or which impressed these funds with a trust for the benefit of laborers, materialmen, or subcontractors. It appears to us to be merely an arrangement by which the contractor was financed and enabled to complete the building according to the contract, and whereby the owner was relieved of any necessity of making progress payments and was enabled to secure a completed building to be paid for when and only when the same had been fully completed and accepted by him. At any time before the building was finally completed and accepted, and the contract price paid. by the owner, the appellees could have fully protected themselves by giving to the owner the notice authorized by section 1, chapter 128, Laws of 1918, section 2274, Code of 1930, and by reason of the arrangements perfected

between these parties, whereby the owner was enabled to and did retain the entire contract price of five thousand four hundred fifty dollars until the final completion of the building, all laborers, materialmen, and subcontractors were given full and complete opportunity to have protected themselves by giving this statutory notice to the owner. This the appellees failed to do, and since the contract price has been paid by the owner and has been applied to the discharge of the debts of the contractor for labor and material furnished and used in the construction of the building, they are now without remedy against the owner or the appellant, who received and disbursed the money due the contractor. The decree of the court below will therefore be reversed in so far as it awarded any recovery against the appellant, and as to it the bill of complaint will be dismissed.

Reversed, and bill dismissed.