WENGER et al. v. FIRST NAT. BANK OF BILOXI.

(Division B. Nov. 25, 1935. Suggestion of Error Overruled Jan. 13, 1936.)

[164 So. 229. No. 31934.]

Doty & Johnston, of Gulfport, and Biloxi, for appellants.

314

W. L. Guice and J. D. Stennis, Jr., both of Biloxi, for appellee.

Argued orally by **L. H. Doty**, for appellant, and by **W. L. Guice**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee owned the Biloxi Golf Course, including the club house thereon. Appellant R. B. Wenger began this proceeding in the county court of Harrison county under section 2262, Code of 1930, to enforce a lien against

the golf course and club house owned by appellee for labor and materials furnished by him for their repair and improvement. Six others claimed liens of the same character on the property; they were named by appellant in his petition, and intervened and became parties to the cause, propounding their claims. No one of the claims exceeds the sum of one thousand dollars, but the aggregate of all does exceed that amount. There was a judgment in the county court for appellee, from which judgment appellant appealed to the circuit court where the judgment of the county court was affirmed, and from the judgment of the circuit court appellants prosecute this appeal.

Appellee became the owner of the Biloxi Golf Course subject to a first mortgage bond lien in the principal sum of fourteen thousand dollars. The course and the club house were in bad repair. C. W. Gormly desired to lease and operate the property, and the right to purchase it. Appellee was desirous of disposing of it in some satisfactory manner. On the 1st day of November, 1933, Gormly and appellee entered into a written contract with reference to the matter. The pertinent parts of the contract provided substantially as follows: That Gormly should lease the property for one year from that date, for which he agreed to pay a rental of two thousand five hundred dollars, which was to be paid into appellee bank in cash on the date of the execution of the contract; that Gormly should expend this two thousand five hundred dollars, on his checks, subject to appellee's approval, in repairing and reconditioning the course and club house; that at the end of the year Gormly should have the option of a lease for another year at a rental of two thousand five hundred dollars. In addition to the annual rental of two thousand five hundred dollars, Gormly was to pay all "taxes, water rent, upkeep or any other charges or expenses, or damages that might arise by the operation of the said golf course." The contract also contained a purchase option by Gormly, which provided

that he should have the right to purchase the property for the sum of fifty thousand dollars to be paid by his assuming the first mortgage bonds of fourteen thousand dollars, in addition, ten thousand dollars in cash, ten thousand dollars one year after the purchase, and sixteen thousand dollars of preferred stock in a corporation to be organized by Gormly for the purpose of perfecting the purchase.

On the same day this contract was entered into, Gormly entered into a written contract with appellant R. B. Wenger on behalf of the latter and six of his employees who are the six interveners in this cause. This contract provided, in substance, that R. B. Wenger and his employees should do the repair work on the golf course and club house and should be paid for their services by Gormly in the manner fully set out in the contract. The principal part of the repair work, and the materials furnished for that purpose, occurred during the months of November and December, 1933, and January, 1934.

At the close of the testimony, and before instructions were given to the jury and argument of counsel was made, appellants abandoned their claims for liens on the property and asked alone for money judgments. The jury returned a verdict in favor of appellants, naming the amount due each, the aggregate of which, as stated, was more than one thousand dollars. On appellee's motion for a new trial the court set aside the verdict upon the ground that the county court was without jurisdiction because the amount involved was above one thousand dollars, the maximum of its jurisdiction as fixed by section 693, Code of 1930, and rendered final judgment for appellee. That action of the court is one of the grounds relied on by appellants for a reversal of the judgment.

. We pass that question and place our decision upon the other main contention of appellee, that is, that the court erred in denying its request for a directed verdict upon the ground that there was no obligation on the part of appellee, express or implied, to pay the claims of appel-

lants; that they had the right alone to look to Gormly or appellant R. B. Wenger and Gormly (Gormly is not a party).

On the 14th day of February, 1934, Gormly and appellee entered into an amendment to the original contract, in which it was recited, among other things, that Gormly had failed to put up with appellee the first year's rental of two thousand five hundred dollars, but that appellee would accept the repairs and improvements made on the golf course and club house in lieu of the two thousand five hundred dollars. It provided further, "the lessor (appellee) and the leased premises shall in no manner be liable for any improvements placed upon said leased premises by the lessee." There was no evidence tending to show that appellee had anything whatsoever to do with the employment by Gormly of appellant R. B. Wenger or his six helpers doing the repair work. Under the contract Gormly was to do the repair work or have it done, and appellee was to pay him, not his sub-employees. Some of the appellants testified that after the repairs had been made, and also while they were in progress, they spoke to Mr. Tonsmiere, appellee's president, about their pay for the work, and that Mr. Tonsmiere encouraged them to believe they would be paid, but none of them testified that he promised, for his principal, to pay their claims. Whatever occurred between them rested in parol. If appellee's president had promised to pay appellants' claims after they had accrued, under paragraph (a) of section 3343, Code of 1930, of the statute of frauds, such a promise would be void because not in writing, it would be a promise to answer for the debt or miscarriage of another person, which, to bind a promisor, had to be in writing. Furthermore, taking the testimony most strongly in favor of appellants, their conversations with appellee's president during the progress of the work show no specific promise that appellee would pay for it. At most, it was

only to encourage appellants that they would be paid either by Gormly or appellant R. B. Wenger, or both.

Section 2259, Code of 1930, provides that the lien of laborers and materialmen shall exist only in favor of the person employed, or with whom the contract is made to perform the labor and furnish the materials, and his assigns. The point is that appellee employed Gormly, and Gormly alone, and paid him in full to perform the labor and furnish the materials to do the repair work. He was at liberty, of course, to employ others to do it for him, which he did, at least in part, but that did not make those so employed employees of appellee. It was held, in construing this statute, in Herrin v. Warren, 61 Miss. 509, that laborers under a contractor have no lien and cannot impose on the owner any higher duty or further payment than he by his contract has imposed on himself.

We, therefore, are of the opinion that the appellee was entitled to a directed verdict.

Affirmed.