CITY COAL & LUMBER CO., INC., *v.* GULF REFINING CO. *et al.*

(Division B. Dec. 5, 1938.)

[185 So. 250. No. 33392.]

**Howie, Howie & McGowan,** of Jackson, for appellant.

Green, Green & Jackson, of Jackson, for appellees.

Argued orally by **M. M. McGowan** and **J. H. Howie,** for appellant, and by **Forrest B. Jackson,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal from the Circuit Court of Hinds county, first district, by the City Coal & Lumber Company, Inc., from a judgment against the Gulf Refining Company for $252.39, and a judgment in favor of the City Coal & Lumber Company against George Emmett, in the sum of $2,563.43. The judgment, so far as the Gulf Refining Company is concerned, was given on a peremptory instruction by the trial judge, limiting recovery against that company to $252.99.

It appears that the City Coal & Lumber Company supplied George Emmett with material to be used in building filling stations which he was constructing for the Gulf Refining Company, under two separate contracts, one station at Cleveland, Mississippi, and the other at Kosciusko. George Emmett had contracted to build these filling stations, furnishing labor and material, for a given amount, each filling station being under a separate contract. Emmett arranged with the City Coal & Lumber Company to furnish him certain materials to go into these buildings, and to furnish him money for payrolls with which to pay the labor employed by him in the construction of the said buildings. The City Coal & Lumber Company, under this arrangement, issued its checks to Emmett for the amount of the payroll made up by him, and submitted to them; and furnished building material in certain amounts, delivered in trucks, for the use of Emmett; and also paid for some material bought by Emmett in the local market.

The City Coal & Lumber Company, when it gave a check for labor, and delivered material, upon receiving a payment on these accounts from Emmett, would notify the Gulf Refining Company of the amount of such payment; but prior to June 25, 1937, did not give notice that it claimed any rights against the buildings under section 2274, Code of 1930. On the 24th of June the amount of

Emmett's debt to the appellant was supplied to an agent of the Gulf Refining Company at Jackson; and on that day that company had issued a check payable to the order of Emmett, which its agent in Jackson had Emmett endorse, the check being put through the Deposit Bank & Trust Company in Jackson, procuring either bank exchange or a cashier's check, payable to the Gulf Refining Company or its agent, and this money was turned over to parties who had furnished labor and material to Emmett on these projects, the payments being made on the afternoon of June 24th.

On the following day, June 25th, the City Coal & Lumber Company consulted its attorneys; and not having given the notice under the section above cited, section 2274, Code of 1930, that they would claim the lien upon the property, the attorneys wrote a letter to the Gulf Refining Company, making formal demand, in accordance with section 2274 of the Code. The proof shows that this notice was mailed, and received about the 28th of June by the Gulf Refining Company; but on the 25th some agent of the Gulf Refining Company in Jackson was notified, and demand made for the bill.

The amount of material and money furnished to Emmett by the City Coal & Lumber Company appears to have been in excess of the contract price that was to have been paid for the erection of the filling stations. The only amount due Emmett at the time the notice was received by the Gulf Refining Company was the amount for which the peremptory instruction was given by the trial court. The City Coal & Lumber Company offered proof tending to show that agents of the Gulf Refining Company had avoided service of notice in order to pay off other materialmen and persons who had supplied labor.

It is contended by the City Coal & Lumber Company that advancing money to Emmett by checks payable to his own order, and deposited to his own account, to pay

laborers on payrolls made up by him, constitutes furnishing labor on the job. We do not think this contention can be sustained as against the Gulf Refining Company, because the statute requires proof in order to establish a lien against the property, and liability of the owner. The contract was between Emmett and the Gulf Refining Company, and the City Coal & Lumber Company was not a party to such a contract. Consequently Emmett was not its agent for procuring and paying laborers, but the money was merely advanced to Emmett under a contract with him to make such payments.

We think the principles controlling the case are well settled in this state in Citizens' Lumber Co. v. Netterville et al., 137 Miss. 310, 102 So. 178; Wenger et al. v. First Nat. Bank of Biloxi, 174 Miss. 311, 164 So. 229; United States F. & G. Co. v. Parsons, 154 Miss. 587, 122 So. 544; Herrin v. Warren & Mobley, 61 Miss. 509; Stubbs v. Capital Paint & Glass Co., 160 Miss. 832, 131 So. 806, 135 So. 495; Chears Floor & Screen Co. v. Gidden, 159 Miss. 288, 131 So. 426; White's Lumber & Supply Co. v. Rea et al., 158 Miss. 695, 131 So. 259.

The judgment of the court below is affirmed.

Affirmed.